PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)
Exhibit "A"

Electronically Filed
10/31/2016 02:23:03 PM

**CLERK OF THE COURT**

RECEIVED

JAN 0 9 2017

DIVISION OF INSURANCE
STATE OF NEVADA

**COMP**
Paul D. Powell, Esq.
Nevada Bar No. 7488
Mcihael A. Kristof, Esq.
Nevada Bar No. 7780
The Powell Law Firm
6785 W. Russell Road, Suite 210
Las Vegas, Nevada 89118
paul@tplf.com
Phone: (702) 728-5500
Facsimile: (702) 728-5501

Attorneys for GEORGE FLORENCIO

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| GEORGE FLORENCIO, individually, | ) CASE NO. A-16-745900-C |
| Plaintiff, | ) DEPT. NO. XXVIII |
| vs. | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) **COMPLAINT** |
| INSURANCE COMPANY, individually, DOES I-X, and ROE CORPORATIONS I-X, | ) |
| Defendants. | ) |

Plaintiff GEORGE FLORENCIO, by and through his attorney of record, PAUL D. POWELL, ESQ., of THE POWELL LAW FIRM, complains against Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as follows:

### GENERAL ALLEGATIONS

1.      At all relevant times herein, Plaintiff GEORGE FLORENCIO ("Plaintiff") was a resident of Clark County, Nevada

2. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Defendant") is, and at all times mentioned herein, was, a business authorized to do the business of property and casualty insurance in Clark County, Nevada, and currently active and in good

- 1 -

standing.

3. The true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

4. At all times pertinent herein, Defendants were agents, servants, employees, or joint venturers of every other Defendant, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with the knowledge, permission, and consent of all other named Defendants.

5. On January 4, 2011, Plaintiff was a passenger in a car that was involved in an automobile crash in Clark County, Nevada.

6. Non-Party Joe Murrin ("Murrin") was the driver of the vehicle in which Plaintiff was a passenger.

7. An unknown third party driver caused the crash between his vehicle and the Murrin vehicle in which Plaintiff was a passenger.

8. At no time has Defendant alleged that Murrin was at fault for causing the crash.

9. As a direct and proximate result of the negligence of the third-party driver, Plaintiff sustained injuries to his back, bodily limbs, organs, and systems, all or some of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $10,000.00.

10. As a direct and proximate result of the negligence of the third-party driver, Plaintiff received medical and other treatment for the aforementioned injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

11.   As a direct and proximate result of the negligence of the third-party driver, Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

12. At the time of the crash, Murrin had an automobile insurance policy (the "Policy") from Defendant which provided uninsured/underinsured motorist insurance in an amount of $25,000.

13. The Policy also provided medical payment coverage up to $50,000.

14. Plaintiff was covered under the Policy, specifically the underinsured/uninsured and medical payments provisions.

15. On or about October 30, 2012, Plaintiff made demand for the available policy limits under the uninsured/underinsured motorist policy.

16. At the time the uninsured/underinsured demand was made, Plaintiff had over $85,000 in charges for treatment related to injuries caused by the January 24, 2011, crash, and had provided all of the medical records and bills to the Defendant.

17. On or about December 18, 2013, Plaintiff made demand for the available policy limits under the medical payments portion of the available policy.

18. At the time the medical payments demand was made, Plaintiff had over $85,000 in charges for treatment related to the injuries caused by the January 24, 2011, crash, and had provided all of the medical records and bills to the Defendant.

19. At the time the demands, and each of them, were made, it was clear that the value of Plaintiff's claim was at least equal to and likely greater than the Defendant's policy limits.

20. Defendant hired Dr. Joseph Schifini to review Plaintiff's medical records and bills.

21. Upon information and belief, Defendant had hired Dr. Schifini on other claims to

perform records reviews prior to performing his review of Plaintiff's records.  These are commonly referred to as forensic record reviews.

22. Defendant knew or reasonably should have known that as of the date Dr. Schifini issued his report regarding his review of the records, the vast majority of forensic record reviews performed by Dr. Schifini were done at the request of insurance companies and law firms representing insurance companies.

23. Defendant hired Dr. Schifini because Defendant knew Dr. Schifini was likely to indicate that majority of the treatment rendered was not related to injury or pain caused by the subject crash.

24. Defendant ignored the opinions of Plaintiff's treating doctors and based its valuation of Plaintiff's claim solely on the medical opinions of Dr. Schifini.

25. The hiring of Dr. Schfini by Defendant was used solely as a pre-text to offer Plaintiff less than the full value of his claim.

26. Defendant's refusal to make adequate payment under both the uninsured/underinsured and the medical payment provisions of the Policy to Plaintiff was made without a reasonable basis in fact or law.

27. Defendant's actions, including the refusal to make adequate payment to Plaintiff was made in bad faith and for the purpose of denying the benefits of contract for uninsured/underinsured and medical payment coverage to Plaintiff.

28. Defendant's refusal to make adequate payment to Plaintiff was an unlawful attempt to force Plaintiff to accept less money than the amount due under the Policy.

29. Defendant's refusal to pay Plaintiff benefits due under the applicable contract of insurance was malicious, willful, and intentional, and in fact, did cause injury to Plaintiff in excess of $10,000.00.  These actions justify an award of punitive damages.

30. Defendant placed its interest above that of Plaintiff and did not give fair consideration to Plaintiff's interests in adjusting Plaintiff's claim.

31. Plaintiff has been required to engage the services of an attorney, and, accordingly, has incurred attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

32. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. There was a valid and existing insurance agreement issued by the Defendant for which Plaintiff was entitled to coverage.

34. Defendant breached the agreement by, *inter alia*, refusing to properly compensate Plaintiff.

35. Plaintiff sustained damages in excess of $10,000.00 as a result of Defendant's breach of the agreement.

36. Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing)

37. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. There is implied in every contract a covenant of good faith and fair dealing.

39. Plaintiff was covered under a valid and existing insurance agreement issued by the Defendant.

40. Defendant owed Plaintiff a duty of good faith and fair dealing.

41. Defendant breached its duty of good faith and fair dealing by, *inter alia*, refusing to properly compensate Plaintiff.

42. Defendant breached its duty of good faith and fair dealing by ignoring the evidence submitted by Plaintiff demonstrating he was injured in this crash.

43.     Defendant breached its duty of good faith and fair dealing by ignorning the opinions of Plaintiff's treating doctors and adopting the opinions of Dr. Schifini.

44.     Defendant breached its duty of good faith and fair dealing by hiring a doctor it knew would offer opinions that Plaintiff only suffered minor injury, that the treatment was not related to injury caused by the crash, and that the billing was not usual and customary.

45. Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

### THIRD CAUSE OF ACTION

### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

46. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. There implied in every contract a covenant of good faith and fair dealing.

48. As an insurer, Defendant owed Plaintiff a fiduciary-like duty, and there was a special element of reliance by Plaintiff.

49. Defendant breached its duty of good faith and fair dealing by, *inter alia*, refusing to properly compensate Plaintiff and by offering substantially less than the reasonable value of Plaintiff's claim.

50. Defendant breached its duty of good faith and fair dealing by ignoring the evidence submitted by Plaintiff demonstrating he was injured in this crash.

51.    Defendant breached its duty of good faith and fair dealing by hiring a doctor it knew would offer opinions that Plaintiff only suffered minor injury, that the treatment was not related to injury caused by the crash, and that the billing was not usual and customary.

52. Defendant breached its duty of good faith and fair dealing by ignoring the opinions of Plaintiff's treating doctors and adopting in total the opinions of Dr. Schifini.

53. Defendant breached its duty of good faith and fair dealing by hiring a doctor to review Plaintiff's medical records when Defendant knew, or upon reasonable inquiry should have known, that vast majority of forensic expert work performed by Dr. Schifini was on behalf of insurance companies or law firms that represent insurance companies.

54. Plaintiff sustained damages in excess of $10,000.00 as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

55. Plaintiff is further entitled to punitive damages pursuant to NRS 42.001 *et seq.* as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

56. Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (Unfair Trade Practices)

57. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. The acts of Defendant constitute unfair trade practices pursuant to NRS 686A.310, including Defendant's failure to properly settle Plaintiff's claim.

59. The acts of Defendant herein constitue a failure to effectuate prompt, fair and equitable settlment of the claim in which the liability of the Defendant has become reasonably clear.

60. Plaintiff sustained damages in excess of $10,000.00 as a result of Defendant's unfair trade practices.

61. Plaintiff is further entitled to punitive damages pursuant to NRS 42.001 *et seq.* as a result of Defendant's unfair trade practices.

62. Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1.    For general damages in an amount in excess of $10,000;

2.    For special damages in an amount in excess of $10,000;

3.    For punitive damages in an amount to be determined at trial;

4.    For reasonable attorney's fees and costs of suit;

5.    For interest at the statutory rate; and

6.    For such other and further relief as the Court deems just and proper.

DATED this 31st day of October, 2016.

THE POWELL LAW FIRM

Paul D. Powell, Esq.
Nevada Bar No. 7488
Michael A. Kristof, Esq.
Nevada Bar No. 7780
6785 W. Russell Road, Suite 210
Las Vegas, NV 89118

- 8 -